## Case No. 17,800.

### WILSON v. CURTIUS et al.

[2 West. Law J. 511.]

Circuit Court, D. Louisiana. 1845.

PATENTS — PLANING, TONGUING, AND GROOVING MACHINE.

[The Woodworth patent of 1828 (extended in 1842), for a planing, tonguing, and grooving machine, *held* valid and infringed.]

[Cited in Wilson v. Rousseau, Case No. 17,-832; Id., 4 How. (45 U. S.) 704; Smith v. Mercer, Case No. 13,078.]

This was a case commenced by a bill in equity, on the 12th day of December, 1844, to restrain the defendants [Curtius and Grabau] from infringing the patent right granted to William Woodworth in 1828, and extended for a further term of seven years in 1842. The invention is for planing, tonguing, and grooving plank and other materials, by means of the combined use of a revolving cutter wheel or cylinder in the centre, to plane and reduce the plank to a given thickness; two side cutter wheels to tongue and groove the edges of the plank; and, also, by the use of pressure rollers, to confine plank to their proper place. Upon filing the bill, a motion was made by complainant [James G. Wilson] for an injunction, which was granted by the court; but afterwards was dissolved upon a re-hearing, on the ground (among others) that the affidavit was insufficient to support it, inasmuch as it did not state with certainty the infringement by the defendants; and that complainant did not swear, at the time of filing the bill, that he believed Woodworth was the "original and true inventor," &c.; and upon the further ground that the defendants made a declaration on oath, that the said invention was not the original invention of the said Woodworth; and denying, under oath, the novelty and utility of the same.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Upon the dissolving of the injunction the defendants filed their answer, in which they made the following defence: 1st. "That the patent granted to Wm. Woodworth was originally invalid, because all the several parts of Woodworth's machine, and the application of these parts were publicly known, long prior to the issuing of the patent right to him." They were "known in the year 1799, and were sufficiently described by Samuel Bentham in the Repository of Arts." 2d. "That as early as the year 1824, at Syracuse, in the state of New York, one Uri Emmons did invent and put in operation a cylindrical planing machine, embracing all the essential combinations and parts of Woodworth's machines." 3d. "That complainant had not such title to the exclusive right in said invention as to enable him to bring suit," &c. 4th. "That the compromise and agreement entered into between Emmons and Woodworth was in fraud of public rights, and therefore rendered both patents void." 5th. The Woodworth patent "is void and cannot be maintained because of the uncertainty and ambiguity in the description and in the claim." They further averred that "the machine of Woodworth was without utility, and therefore void, and that the specification is unintelligible and insufficient, if not contradictory." "That the extension of said patent was not authorized by law; that the extension was made by the administrator of William Woodworth; whereas the law only permits the patentee himself to apply for and obtain the same." "That the machinery of the respondents is not in principle, combination or mode of operation like Woodworth's; that their machinery was substantially different from that patented."

The case rested in this situation till the 7th day of April instant, when complainant filed an affidavit, made by himself, setting forth the infringement by the defendants, by describing what parts and combinations of defendants' machine were like the one patented; and that he really believed William Woodworth was the first and true inventor, &c. &c. Complainant also filed affidavits, made by other persons, to contradict the answer of the defendants, and moved for a revival of the injunction. The cause was set down for hearing on Friday, the 11th inst., at which time defendants filed many new points, and raised questions of law. The only one which was considered at all serious by complainant was this, "That on the 28th of November, 1829, Woodworth, the patentee, transferred and assigned all his right, title and interest in the original and extended term to Halstead, Twogood and Tyack, in and throughout a great part of the South, including Louisiana; and that under the proviso of the 18th section of the act of congress, of 4th July, 1836, these defendants were protected against any claims set up under the patentee in the original, or under the administrator in the extended term." Defendants also filed affidavits to show the substantial difference between the machine used by the defendants and the one patented by Woodworth. It is to be observed, however, that these affidavits only stated in general terms "that the machines were substantially different," without specifying any particulars; and were held by the court as having no weight in the case.

F. Perin and C. Roselius, for complainant.
W. S. & F. Upton, for respondents.

The argument was commenced on Friday, the 11th, and continued to occupy the court until Tuesday, the 15th. And on Friday, the 18th, the court gave a verbal decision, sustaining the bill and granting the injunction as prayed for, without putting complainant to the expense and trouble of giving security. The court promised a written opinion in the case, touching fully all the points discussed.